**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

September 25, 2014

LETTER TO COUNSEL

RE:   *June Marie Brown v. Carolyn Colvin, Commissioner of Social Security Administration*
      Civil No. TJS-13-1716

Dear Counsel:

On June 13, 2013, the Plaintiff, June Marie Brown, petitioned this Court to review the Social Security Administration's final decision to deny her Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. (ECF No. 1). The parties have filed cross-motions for summary judgment. (ECF Nos. 18 & 20). These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. (ECF Nos. 7 & 9). Having considered the submissions of the parties (ECF Nos. 18, 20 & 23), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

The Plaintiff, June Marie Brown ("Ms. Brown") filed applications for DIB and SSI. (Tr. 114-127). In both claims, Ms. Brown claimed alleged disability beginning on June 1, 2007. (Tr. 114, 120). Both claims were denied initially on May 17, 2010 and on reconsideration on April 21, 2011. (Tr. 5, 82-85). A hearing was held before an Administrative Law Judge ("ALJ") on March 14, 2012. (Tr. 37-65). On April 27, 2012, the ALJ determined that Ms. Brown was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-19). The Appeals Council denied Ms. Brown's request for review on April 15, 2013 (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ evaluated Ms. Brown's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Ms. Brown was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since June 1, 2007. (Tr. 13). At step two, the ALJ found that Ms. Brown suffered from the severe impairments of major depressive disorder, non-epileptic seizure, and history of drug and alcohol abuse in partial remission. (Tr. 13). At step three, the ALJ found that Ms. Brown's impairments, separately and in combination, failed to meet or equal in severity

1

any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings") (Tr.13-15). The ALJ determined that Ms. Brown has the RFC

> to perform less than a full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant cannot climb ladders, ropes, and scaffolds. The claimant cannot work around dangerous machinery or unprotected heights. The claimant is limited to work requiring remembering and performing simple instructions with occasional contact with coworkers, supervisors and the public; and the claimant would be off tasks 5% of the workday.

(Tr. 15).

At step four, the ALJ determined that Ms. Brown is unable to perform any past relevant work. (Tr. 18). At step five, the ALJ found that given Ms. Brown's age, education, work experience, and RFC, and based on the testimony of the vocational expert, there were jobs that existed in significant numbers in the national economy that she could perform, including "restaurant worker," "warehouse worker," "packer," and "light assembly worker." (Tr. 18-19). Therefore, the ALJ found that Ms. Brown was not disabled under the Social Security Act.  (Tr. 19).

Ms. Brown argues that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 18-1 at 9-19). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996). The ALJ must consider even those impairments that are not "severe" in formulating the RFC. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* The ALJ must also assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96–7p, 1996 WL 374186 (S.S.A. July 2, 1996).

Ms. Brown argues that the ALJ failed to consider treatment notes from Pathways, the psychiatric rehabilitation facility where she sought treatment from March 2007 through March 2012.[1] These records, which document Ms. Brown's treatment on more than 50 occasions, set forth a chronology of Ms. Brown's numerous suicide attempts, drug relapses, recurrent episodes of insomnia and violent mood swings. Because these records were given only minimal attention

---

[1] These dates correspond with the Pathways records contained in the record. (Tr. 324-361, 492-560).

in the ALJ's opinion, it is not clear how they factored into the ALJ's RFC determination. It is also unclear if the Pathways treatment records support or undermine any of the opinion evidence in the record. Because this Court is tasked only with determining whether the ALJ's decision is supported by substantial evidence and the proper application of the law, it would be inappropriate for this Court to weigh this evidence against the other evidence considered by the ALJ. For this reason, remand is warranted. I express no opinion as to the weight these records should be assigned, but only find that they are relevant and warrant a full consideration by the ALJ.

For the reasons set forth herein, Ms. Brown's Motion for Summary Judgment (ECF No. 18) and the Commissioner's Motion for Summary Judgment (ECF No. 20) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge

3